### CLARK v. BEAUMONT, SOUR LAKE & WESTERN RY. CO.
### No. 2449.

Court of Civil Appeals of Texas. Beaumont.

Nov. 17, 1933.

Rehearing Denied Nov. 22, 1933.

Tom C. Stephenson and Jas. A. Harrison, both of Beaumont, for appellant.

Butler & Pipkin, W. G. Reeves, and James H. Pipkin, all of Beaumont, and Andrews, Streetman, Logue & Mobley, of Houston, for appellee.

WALKER, Chief Justice.

Appellant, Ollie Clark, was injured in a collision between one of appellee's trains and a truck, which he was driving. This suit was by him against appellee, Beaumont, Sour Lake & Western Railway Company, for damages for personal injuries proximately resulting from the collision. Many issues of negligence were submitted against appellee and answers returned thereto which we do not discuss because of their conflicting nature. Appellant's damages were assessed at $6,000. The jury also convicted appellant of contributory negligence and on this finding judgment was entered for appellee that appellant recover nothing and that appellee go hence without day.

Appellant has presented its appeal by nineteen assignments of error directed against the admission of testimony, the court's charge, etc. We overrule all these assignments because of the finding against appellant on the issues of contributory negligence. The jury found that appellant failed to keep a proper lookout for appellee's train at the time of the accident; that such failure was negligence and a proximate cause of the collision. While appellant has assigned error against these findings as being without support and against the great and overwhelming weight and preponderance of the testimony, we find no merit in these assignments. The crossing in issue is on one of the busiest streets in the city of Beaumont. A large brick building on the west side of the street from the direction appellee's train was approaching the crossing on the occasion in question, extends to within twelve or eighteen feet of the railroad track. Because of this building, one approaches very near the crossing before seeing an approaching train; however, in the exercise of due care, the train can be seen by one approaching the crossing in time to avoid a collision, and it was clearly an issue of fact as to whether or not appellant, at the time of the collision, was exercising the proper care for his own safety.

The excluded evidence related to the issues of negligence against appellee, and was entirely immaterial on the issue of appellant's contributory negligence. The conflicts assigned by appellant also relate to the submission of the issues of negligence against appellee. As we understand appellant's brief, there is no assignment against the issue of contributory negligence discussed above except that it was without support and against the great and overwhelming weight and preponderance of the testimony.

We have considered appellant's statement of facts, though our right to do so involves a serious question. But, as our examination of the statement of facts convinces us that appellant's appeal is without merit, appellee can suffer no injury by permitting it to be considered a part of the record.

For the reasons stated, the judgment of the lower court is in all things affirmed.